# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ESAD LIVNJAK, | ) | |
| | ) | |
| Plaintiff, | ) | 16 C 1518 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| RIGHT RESIDENTIAL II-FUND2, LLC, | ) | |
| CHRISTOPHER SHAXTED, and | ) | |
| UNKNOWN AGENTS OF RIGHT | ) | |
| RESIDENTIAL II-FUND2, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Livnjak has sued his landlord, Right Residential II-Fund2, LLC, its manager, Christopher Shaxted; and unknown RRF agents (collectively "RRF") for seizing and disposing of his personal property after he was evicted pursuant to a court order. Pursuant to 42 U.S.C. § 1983, Livnjak alleges Defendants violated his constitutional rights to procedural due process and to be free from unreasonable seizure. Livnjak also alleges negligence (Count III), trespass to chattels (Count IV), conversion (Count V), bailment (Count VI), and intentional infliction of emotional distress (Count VII) under Illinois law. Defendants move to dismiss Plaintiff's section 1983 claims and ask the Court to decline supplemental jurisdiction over the state law claims. For the reasons stated below, the Court grants the motion.

## Factual Background[1]

Pursuant to an order for possession issued by the Circuit Court of Cook County, Cook County Sheriff's officers and RRF visited Plaintiff's residence to obtain possession of the

---

[1] When reviewing a motion to dismiss, the Court assumes the alleged facts in the complaint are true and draws all possible inferences in favor of Plaintiff. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

premises and to evict anyone residing there on October 27, 2015. Compl. ¶ 16. Finding no one home, the Cook County Sheriff's officers turned possession of the premises over to RRF. *Id.* ¶¶ 17–18.

RRF knew that Livnjak had not abandoned the premises or his personal property and that Livnjak had made arrangements to move personal possessions from premises. *Id.* ¶¶ 14–15. Nonetheless, RRF removed all of Livnjak's person property from the premises and then left it scattered and strewn outside. *Id.* ¶¶ 19, 24. RRF's conduct has caused Livnjak to suffer ongoing emotional distress and expenses. *Id.* ¶¶ 25, 29.

## **Legal Standard**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone, Ill.*, 483 F.3d 454, 457 (7th Cir. 2007). Under federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo*, 526 F.3d at 1081; *see also* Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept[ ] as true all well-pleaded facts alleged, and draw[ ] all possible inferences in [the plaintiff's] favor." *Tamayo*, 526 F.3d at 1081.

A complaint, however, must also allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Plausibility, however, "does not imply that the district

court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

## **Analysis**

"Section 1983 imposes liability when a defendant acts under color of state law and violates a plaintiff's rights under the Constitution or laws of the United States." *Pittman ex rel. Hamilton v. Cty. of Madison, Ill.*, 746 F.3d 766, 774 (7th Cir. 2014) (citing 42 U.S.C. § 1983). Accordingly, section 1983 does not apply to "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Defendants argue that they are not liable under section 1983 because they are private actors and did not act under the color of state law. In *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, the Court of Appeals for the Seventh Circuit outlined several scenarios in which private action may become state action:

> Private action can become state action when private actors conspire or are jointly engaged with state actors to deprive a person of constitutional rights, where the state compels the discriminatory action, when the state controls a nominally private entity, when it is entwined with its management or control, when the state delegates a public function to a private entity, or when there is such a close nexus between the state and the challenged action that seemingly private behavior reasonably may be treated as that of the state itself.

570 F.3d 811, 815–16 (7th Cir. 2009) (citations omitted). Only the first and third scenario arguably apply in the instant case.

Under the first scenario, "[a] private actor . . . can have acted under color of law if the plaintiff can establish that '(1) the private individual and a state official reached an understanding to deprive the plaintiff of her constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents.'" *Thurman v. Vill. of Homewood*, 446

F.3d 682, 687 (7th Cir. 2006); *see Wilson v. Warren Cty., Ill.*, ___ F.3d ____, No. 15-1939, 2016 WL 3878215, at *2 (7th Cir. July 18, 2016).

The allegations in the complaint are insufficient to raise a reasonable inference that RRF and the Cook County Sheriff's officers reached an understanding with regard to RRF's disposing of Livnjak's personal belongings or that RRF was a willful participant in joint activity with the officers. Rather, Livnjak merely alleges that Cook County Sheriff's officers turned possession of the premises over to Defendants pursuant to a court order. Then, according to Livnjak, the Defendants on their own accord took all of his personal belongings and scattered them outside of the premises. Livnjak does not allege that the officers and Defendants agreed or acted together to dispose of Livnjak's belongings. Without more, Livnjak simply alleges private action by private actors.[2]

Under the third scenario, the Seventh Circuit has held that where the government controls a nominally private entity, or, in other words, the private party acts as an "instrument or agent" of the government, the private party is acting as the government. *See United States v. Shahid*, 117 F.3d 322, 325 (7th Cir. 1997) (citing *United States v. Koenig*, 856 F.2d 843, 847 (7th Cir. 1988)). Under this analysis, the court considers a number of criteria, including "whether the government knew of and acquiesced in the intrusive conduct[;] whether the private party's purpose for conducting the search was to assist law enforcement efforts or to further her own ends," *United States v. Feffer*, 831 F.2d 734, 739 (7th Cir. 1987); whether the government

---

[2] The Court notes that, even if Plaintiff were to allege that the officers agreed to remain on the premises while Defendants disposed of Livnjak's belongings, the officers' mere presence at the scene would be insufficient to constitute joint action. *See Greco v. Guss*, 775 F.2d 161, 168 (7th Cir. 1985) ("A police agreement to 'stand by in case of trouble' does not convert a private repossession into state action."); *Gramenos v. Jewel Cos.*, 797 F.2d 432, 435 (7th Cir. 1986) ("Although private parties call on the aid of state law without the grounds to do so, when the private decision may in no way be attributed to a state rule or a state decision, the private parties are not state actors. There must be a conspiracy, an agreement on a joint course of action in which the private party and the state have a common goal.").

effectively directed, controlled, or encouraged the actions of the private party, *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996); or "whether the government offered the private actor a reward," *Shahid*, 117 F.3d at 325.

Here, Plaintiff does not allege that the officers knew of, or acquiesced in, Defendants' disposal of Livnjak's belongings. Nor does he allege that Defendants were acting to assist the officers when Defendants allegedly possessed and disposed of Livnjak's personalty. In addition, Plaintiff fails to allege that the officers encouraged, directed, controlled, or rewarded Defendants when Defendants disposed of the belongings. Rather, the complaint states that the Sheriff's officers acted only to turn over possession of the premises, *see* Compl. ¶ 18, that Defendants then disposed of Livnjak's personal property, *see id.* ¶ 24, and that Defendants "did not have an order by a court of law to seize Plaintiff's personal property," *id.* ¶ 28. Without more, these allegations do not raise a reasonable inference that Defendants acted as instruments or agents of the government.

Livnjak has not alleged any facts to raise a reasonable inference that Defendants acted under the color of state law, and accordingly, Counts I and II fail to state a claim under section 1983.[3] The Court dismisses Counts I and II without prejudice. Having dismissed the only claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining counts. *See* 28 U.S.C. § 1367(c).

## **Conclusion**

For the reasons provided above, the Court grants Defendants' Motion to Dismiss Counts I and II [11] and dismisses each count without prejudice. The Court declines to exercise supplemental jurisdiction over the remaining counts. This case is dismissed without prejudice.

---

[3] Because this defect is dispositive of Plaintiff's section 1983 claims in Counts I and II, the Court need not address Defendants' other argument regarding Count I.

5

Livnjak has fifteen days to file an amended complaint, if he can do so and comply with Federal Rule of Civil Procedure 11.  If Livnjak fails to do so, the dismissal will become with prejudice.

**IT IS SO ORDERED.**          **ENTERED   9/12/16**

_____
**John Z. Lee
United States District Judge**